United States District Court
Southern District of Texas
**ENTERED**
January 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELIBERTO  GARZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-319 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Eliberto Garza, is a state prisoner incarcerated at the Ramsey Unit in Rosharon, TX.  (D.E. 1).  Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2008 Nueces County convictions for aggravated sexual assault of a child.  (D.E. 1).  Pending is Respondent's Motion for Summary Judgment filed on December 2, 2019.  (D.E. 10).  Petitioner filed a timely response on December 20, 2019.  (D.E. 11).[1]  For the reasons stated below, it is respectfully recommended that the Court **GRANT** Respondent's Motion for Summary Judgment and **DISMISS** this action as time barred.  The undersigned further recommends that the Court **DENY** a Certificate of Appealability.

---

[1]While Petitioner has now filed a Motion to Withdraw his petition and to dismiss it without prejudice to allow him further time to exhaust his claims in state court, the undersigned recommends this Motion to Withdraw be **DENIED** as his petition should be dismissed as time barred, not on failure to exhaust grounds.

1 / 9

## I.     JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).  Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas.  *Id.*; 28 U.S.C. § 124(b)(6).

## II.    BACKGROUND

On October 16, 2006, Petitioner after pleading guilty to two counts of aggravated sexual assault of a child, was placed on deferred adjudication for a period of ten years. (D.E. 9-6, Pages 139-149, 152-153 and 154-159).  After the State filed a Motion to Revoke and Petitioner pleaded true to the allegations, Petitioner was sentenced to thirty years' incarceration on April 7, 2008.  (D.E. 9-6, Pages 170-172 and 176-181).  This judgment was affirmed on August 28, 2009. *Garza v. State*, No. 13-08-00244-CR, 2009 WL 2914470, at *1 (Tex. App. – Corpus Christi 2009, no pet.) (not designated for publication).  Petitioner did not pursue any further appeal and therefore, the judgment became final on September 27, 2009 when the thirty-day period for filing a petition for discretionary review with the Texas Court of Criminal Appeals ("CCA") ended.  (D.E. 10, Page 6); Tex. R. App. Proc. 68.2 (thirty days to file a petition for discretionary review); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). On November 16, 2017, Petitioner filed a state habeas application challenging his conviction which was denied by the CCA without a written order on the findings of the trial court without a

hearing on September 12, 2018.  (D.E. 9-12 and D.E. 9-19).  On October 7, 2019,

Petitioner filed the pending federal habeas petition.  (D.E. 1, Page 10).

## III.    RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred.  The

undersigned agrees.   Petitioner's habeas petition is not timely filed pursuant to the

Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year

statute of limitations period runs from the latest of four alternative dates:

(A)    the date on which the judgment become final by the conclusion of direct
review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State
action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized
by the Supreme Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on collateral
review; or

(D)    the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner properly files

for state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a

properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.")  Petitioner filed his current petition after the effective

date of AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320

(1997).

Petitioner did not appeal his August 28, 2009 judgment and therefore, it became final on September 27, 2009 when the thirty-day period for filing a petition for discretionary review with the Texas Court of Criminal Appeals ("CCA") ended.  (D.E. 10, Page 6); Tex. R. App. Proc. 68.2 (thirty days to file a petition for discretionary review); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). As such, Petitioner had one year, until September 27, 2010, to timely file a federal application for habeas corpus relief.  Petitioner's state habeas application was filed on November 16, 2017, well after the limitations period ended.  *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (State habeas petition filed outside of one-year period "did not statutorily toll the limitation clock.").  Petitioner filed the pending federal habeas petition on October 7, 2019, over nine years too late.  28 U.S.C. §2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, No. 18-20127, 2019 WL 5106366, at *2-3 (5th Cir. Oct. 11, 2019).  A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)).  "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."  *Id*.; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of

4 / 9

knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted).   Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling.   *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner does not allege any reasons to support suggest equitable tolling applies. Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim.   Petitioner also did not diligently pursue his rights, delaying over nine years past the deadline to pursue his federal habeas remedy.   Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.   Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period.   Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard.   Petitioner does not allege he did not commit the crimes for which he was convicted but rather alleges he was not competent to plead guilty because he has a history of unspecified mental disorders.   (D.E. 1, Page 6 and D.E. 2).   However, Petitioner provides no evidence or additional information in support of this allegation.   The undersigned also notes the state court rejected this claim.   (D.E. 9-18, Pages 5-6).   "A claim of actual innocence, standing

alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'"  *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (other citations omitted). However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations.  *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citation omitted).  The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted).  Petitioner fails to cite to any evidence in his petition showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory allegations.  Therefore, it is respectfully recommended that the Court find Petitioner fails to meet the actual innocence standard.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's

relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds.  Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable.  If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended

that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 10) and **DISMISS** this case as time barred.  It is further recommended that the Court **DENY** a certificate of appealability.

ORDERED this 31st day of January, 2020.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).